# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT ANTHONY WHITEAKER,

Plaintiff,

v.

Case No. 26-CV-434

JARED HOY,
GRACE KNUTSON,
and STEPHANIE OLMSTED,

Defendants.

## DECISION AND ORDER

Currently pending before the court is Robert Anthony Whiteaker's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Whiteaker's request, the court concludes that Whiteaker lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Whiteaker's Request to Proceed in District Court without Prepaying the Filing Fee will be **granted**.

However, because the court is granting Whiteaker's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

## I.    Legal Standard

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful,"

"fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

## II.    Analysis

Whiteaker alleges that he is subject to GPS monitoring for an offense he was "never indicted, charged, amended, or convicted of." (ECF No. 1 at 3.) Specifically, Whiteaker claims that the Illinois offense listed on his record as "Aggravated Criminal Sexual Abuse" from June 1991 should be *"Attempted* Aggravated Criminal Sexual Abuse" (ECF No. 1-1 at 4) (emphasis added). He asks the court to terminate employment of the defendants responsible for the "fictious" conviction. (ECF No. 1 at 5.) He additionally asks for criminal charges to be filed against the defendants and seeks $10,000,000 in damages "if a dollar amount is available". (ECF No. 1 at 5.)

Wisconsin law requires that "the agency with jurisdiction" over a person who has been convicted "2 or more times [ ] for a sex offense" notifies local law enforcement when the person moves to that community. *See* Wis. Stat. § 301.46(2m)(am)*; Johnson v. Justice Point Sec. Techs.*, No. 23-cv-65-jdp, 2023 U.S. Dist. LEXIS 100868, at *5

(W.D. Wis. June 8, 2023). Provided the "police chief or a sheriff receives a notification [ ] regarding the person," "the department shall maintain lifetime tracking" of that person. *See* Wis. Stat. § 301.48(2)(a); *see also Durand v. Litscher,* 674 F. App'x 571, 571 (7th Cir. 2017) ("This tracking mandate soon was broadened to cover any person later released from incarceration in Wisconsin—for whatever crime—if that person has two or more convictions for a sex offense.").

The root of this suit appears to be Whiteaker's contention that his two Illinois convictions should not require notification pursuant to Wis. Stat. § 301.46(2m)(am). Since Whiteaker believes that the Wisconsin statute is being misapplied, he was correct to submit a writ of certiorari in state court (ECF No. 1-1 at 2-27). *See Johnson v. Justice Point Sec. Techs.,* No. 23-cv-65-jdp, 2023 U.S. Dist. LEXIS 100868, at *6 (W.D. Wis. June 8, 2023) ("[Plaintiff's] legal theory appears to be that he has not been convicted of a sex offense on 2 or more separate occasions…. But that is an issue of state-law statutory interpretation that can be raised in a writ of certiorari in state court, not as part of a federal constitutional claim in federal court."); *Durand v. Litscher*, 674 F. App'x 571, 573 (7th Cir. 2017) ("If [plaintiff] believes that, as a matter of state law, the monitoring requirement has been applied to him incorrectly, he still can seek relief in the Wisconsin courts."); *State ex rel. Kaufman v. Blechinger*, 2015 WI App 28, 361 Wis. 2d 284, 862 N.W.2d 618 (Wis. Ct. App. 2015) (unpublished) (noting availability of petition for writ of certiorari and action for declaratory judgment under Wis. Stat. § 806.04(2) to challenge application of GPS monitoring requirement).

5

As far as the relief he seeks in federal court, however, Whiteaker has failed to state a cognizable violation of federal law. Whiteaker accuses the defendants of libel, but "defamation and libel are matters of state law and not sufficient bases for bringing a § 1983 suit." *Rodriguez v. Criminal Justice Facility Safety Bldg.*, No. 23-CV-394, 2023 U.S. Dist. LEXIS 85447, at *4 (E.D. Wis. Apr. 7, 2023); *see also Davis v. City of Chicago*, 53 F.3d 801, 804 (7th Cir. 1995) ("the Constitution does not forbid libel and slander"). Even if Whiteaker was stating a federal claim, the defendants he named are entitled to qualified immunity. *See, e.g., Wroblewski v. Schroeder*, No. 25-cv-624-wmc, 2026 LX 87058, at *11 (W.D. Wis. Feb. 17, 2026) (explaining that defendants could assert a claim of qualified immunity because they were acting within the scope of their DOC employment when mistakenly placing plaintiff on lifetime GPS monitoring); *see also Sabo v. Erickson*, 128 F.4th 836 (7th Cir. 2025) (affirming ruling that DOC employees responsible for reviewing judgments of conviction to ensure compliance with Wisconsin law were entitled to qualified immunity).

Whiteaker may be attempting to assert that the defendants have deprived him of due process by mistakenly enforcing GPS monitoring. But the Seventh Circuit has determined that subjecting sex offenders to GPS monitoring is not punitive and not unreasonable—rather, it serves a legitimate interest in public safety. *Belleau v. Wall*, 811 F.3d 929 (7th Cir. 2016); *see also Werner v. Larrabee*, No. 15-cv-104-pp, 2017 U.S. Dist. LEXIS 19908, at *8 (E.D. Wis. Feb. 13, 2017) ("Because the Supreme Court and Seventh Circuit case law hold that GPS monitoring does not constitute punishment,

6

and does not give rise to a separate due process requirement, the court must dismiss the plaintiff's claims."). Nor is there a "requirement for any additional due process," because Wis. Stat. § 301.48(2)(a) mandates GPS monitoring based on prior criminal convictions or civil commitments. *Lewis v. Zimdars*, No. 18-CV-609, 2018 U.S. Dist. LEXIS 155918, at *6 (E.D. Wis. Sep. 13, 2018); *see also Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7, 123 S. Ct. 1160, 1164, 155 L.Ed.2d 98, 105 (2003) ("[T]he law's requirements turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest."); *Cross v. Kelly*, No. 23-cv-3165, 2025 LX 433470, at *16 (C.D. Ill. Oct. 31, 2025) ("Illinois's labeling of [plaintiff] turns entirely on his conviction in Missouri for which he has already had an adequate opportunity to contest through the Missouri criminal process.").

Even if Whiteaker's record is inaccurate, it appears that he has been provided a meaningful "post-deprivation opportunity to challenge a potentially wrongful imposition." *Murphy v. Rychlowski*, 169 F. Supp. 3d 911, 916 (W.D. Wis. 2016). Specifically, Whiteaker has filed several correspondences with the Wisconsin Department of Corrections contesting the accuracy of his record. (ECF No. 1-1 at 12, 19, 21, 25.) The DOC, in turn, maintains that "[a] review of our records, including court documents received directly from the Clerk of Courts for the 17th Judicial Circuit in Winnebago County, Illinois, do support the fact that this conviction occurred." (ECF No. 1-1 at 25.) As mentioned above, Whiteaker is correct to now challenge this in state, not federal, court. *See, e.g., Murphy v. Rychlowski*, 169 F. Supp. 3d 911, 917 (W.D. Wis. 2016) ("[If] after an informal exchange with the DOC an

offender still believes that the DOC is imposing registration requirements contrary to Wisconsin's sex offender registration statute, he has the opportunity to petition a Wisconsin court for a writ of mandamus to compel DOC officials to correctly interpret and apply Wisconsin's registration statute.").

### III. Conclusion

Because Whiteaker's complaint alleges only claims arising under state law, this court does not have jurisdiction. "Where due process questions are not implicated, the Constitution leaves it to the states to ensure that their laws are interpreted and implemented correctly, and [plaintiff] may present the question to a Wisconsin court." *Murphy v. Rychlowski*, 169 F. Supp. 3d 911, 918 (W.D. Wis. 2016).

The Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Nonetheless, the court is dismissing this action without granting leave to amend, as any amended pleading would be futile under the circumstances alleged. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile"). Accordingly,

**IT IS THEREFORE ORDERED** that Whiteaker's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **GRANTED**.

8

**IT IS FURTHER ORDERED** that Whiteaker's complaint against Jared Hoy, Grace Knutson, and Stephanie Olmsted (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE.** The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 2nd day of April, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge

9